FILED
U.S. DISTRICT COURT

2006 OCT 20  A 9: 50

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| DOMINION NUTRITION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TOM MYERS, et al., <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER** <br><br> Case No. 2:04-CV-01089 <br><br> Judge Dee Benson |

Global Nutrifoods ("GNF") has moved the Court to enter an order finding that Dominion Nutrition ("DNI") has waived any privileges relating to documents it withheld in its September 2005, March 2006, April 2006, and June 2006 document productions. GNF maintains that DNI waived these privileges because DNI failed to include a privilege log listing those documents that were withheld. Having reviewed the briefs and relevant law, the Court hereby DENIES GNF's motion for the reasons set forth below.

## BACKGROUND

DNI and GNF are embroiled in a lawsuit involving claims of trade secret misappropriation. DNI produced documents to GNF in September 2005, March 2006, April 2006, and June 2006 according to the agreed upon discovery deadlines. When DNI produced these documents, it declined to produce certain other documents, claiming they were privileged. DNI, however, did not provide GNF with a list of the documents it claimed were privileged.

On April 11, 2006, counsel for GNF sent a letter to DNI's counsel noting that DNI had failed to provide a privilege log listing the documents DNI claimed were privileged and therefore DNI had waived any privilege. *See* GNF's Mem. in Supp., at 4-5. Two weeks later, DNI's counsel sent a letter to GNF's counsel informing GNF that it would produce a privilege log "in due course." *See Id.*

On June 15, 2006, Douglas Grady, counsel for DNI, emailed Jim Martin, counsel for GNF, concerning DNI's privilege log. *See* Decl. of Larry Graham, at Exhibit 2. In the email, Mr. Grady stated, "Attached, note the most up-to-date privilege log, which incorporates asserted privileges from the production of 10,000 documents made less than one week ago." *Id.* Additionally, Mr. Grady claimed, "Had you merely called or sent an e-mail at any time prior to filing this motion, we would have sent the most recent version right over in an e-mail...Finally, we do not have a copy of your privilege log." *Id.*

## ANALYSIS

Rule 26(b)(5) states:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). While Rule 26 plainly states that a party shall disclose the documents that it is claiming are privileged; it does not provide a penalty for failing to disclose these documents in a timely manner. GNF argues that waiver is the appropriate remedy. GNF, however, cites only one case that is binding on this court, and it is inapposite. *See Peat, Marwick, et. al. v. West*, 748 F.2d 540 (10th Cir. 1985). *Peat, Marwick* involved attorney-client privilege, not work product privilege. Moreover, *Peat, Marwick* does not extend to privileges other than the attorney-client privilege to grant waiver based on timeliness alone.

DNI has turned over, although belatedly, the privilege log. More importantly, GNF does not assert that it has been prejudiced by the delay or that DNI's claimed privileges are without merit. Although the court does not condone DNI's delay, GNF has not cited any authority that requires waiver of privilege based on untimeliness alone. Absent evidence of prejudice, the Court is loathe to undermine the policies embodied in the work product privilege.

## CONCLUSION

For these reasons, GNF's motion is hereby DENIED.

IT IS SO ORDERED.

DATED this 19th day of October 2006.

*/s/ Dee Benson*

Dee Benson
United States District Judge